UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEWART TITLE GUARANTY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3269 |
| | § | |
| STEWART TITLE LATIN AMERICA, INC.; | § | |
| STEWART TITLE DOMINICANA, SA; | § | |
| STEWART TITLE EASTERN CARIBBEAN, | § | |
| LTD., and STEWART COSTA RICA ABC, | § | |
| S.A. | § | |
| | § | |
| Defendants. | § | |
| VS. | § | |
| | § | |
| STEWART TITLE COMPANY; MICHAEL B. | § | |
| SKALKA; and CHARLES M. CRAIG | § | |
| | § | |
| Third Party Defendants | § | |

**OPINION AND ORDER**

Pending before the Court is Counter-Plaintiffs Stewart Title Latin America, Inc. ("STLA"), Stewart Title Dominicana, S.A. ("STDR"), Stewart Title Eastern Caribbean, Ltd. ("STEC"), and Stewart Costa Rica ABC, S.A. ("STCR") (collectively, "STLA")'s Motion for Reconsideration (Doc. 35), Counter-Defendant Stewart Title Guaranty Company's ("STGC") response (Doc. 40), and Counter-Plaintiffs' reply (Doc. 41). Upon review and consideration of the motion to reconsider, the response thereto, and the relevant legal authority, and having reconsidered the relevant portion of the Court's previous Opinion and Order (Doc. 34) the Court concludes that STLA's claim for breach of the joint venture agreement based on the alleged perpetual license should be dismissed.

## I. Background

This case involves the use of STGC's "Stewart Title" trademark by several entities in Latin America.[1] On October 10, 2012, STGC filed its Original Petition (Doc. 1-2) in the 215th Judicial District Court of Harris County, Texas, seeking (i) a declaration of its legal rights concerning Defendants' allegedly unauthorized use of STGC's trademarks and name and (ii) damages arising from Defendants' alleged failure to pay premiums and post-termination use of STGC's trademarks and name. On November 5, 2012, Defendants removed the action to this Court, (Notice of Removal, Doc. 1).

On November 13, 2012, Defendants filed their Counterclaim against STGC and Third Party Complaint against Stewart Title Company, Michael B. Skalka, and Charles M. Craig, asserting six counterclaims: breach of contract (Joint Venture Agreement); breach of contract (Underwriting Agreements); promissory estoppel; business disparagement; breach of fiduciary duty; and conspiracy to breach fiduciary duty. (Doc. 3 ¶¶ 104-30). On December 31, 2012, Counter-Defendant STGC and Third-Party Defendants Stewart Title Company ("STC"), Michael B. Skalka, and Charles M. Craig (collectively, "Counter-Defendants") filed their first Rule 12(b)(6) Motion to Dismiss and Alternative 12(e) Motion for More Definite Statement (Doc. 13); on January 21, 2013, Counter-Plaintiffs responded by filing their First Amended Counterclaim and Third Party Complaint (Doc. 17), stating the same six counterclaims and adding additional factual details. Counter-Defendants then filed their second Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement. Unlike the first motion, the second

---

[1] The Defendants are Stewart Title Latin America, Inc.; Stewart Latin America, S.A. de C.V.; Stewart Title Baja, S.A. de C. V.; Stewart Title Dominicana, S. A.; Stewart Title Eastern Caribbean, Ltd., d/b/a Stewart Title Eastern Caribbean, Inc.; Stewart Title Guadalajara, S.A. de C.V.; Stewart Title Los Cabos, S.A., de C.V.; Stewart Title Puerto Penasco, S.A. de C. V.;Stewart Title Riviera Maya, S.A. de C.V.; and Stewart Title Costa Rica ABC, S.A.

motion addressed specifically the dismissal of only three of Defendants' six counterclaims: those for (i) breach of the Joint Venture Agreement based only on the alleged perpetual license; (ii) business disparagement; and (iii) promissory estoppel. Doc. 23 ¶ 7. Counter-Defendants did, however, incorporate their first Rule 12(b)(6) Motion (Doc. 13) to dismiss all claims by reference under Rule 10(c). Doc. 23 ¶ 6. The Counter-Plaintiffs' Response noted that the Counter-Defendants no longer sought dismissal of the other three counterclaims and claims for breaches of the Joint Venture Agreement apart from the breach based on the perpetual license. Doc. 28 at 2 n.1.  Counter-Defendants' reply (Doc. 30) did not correct this assumption and continued to focus their arguments on the same three counterclaims discussed in the second motion to dismiss. As such, the Court assumes Counter-Defendants seek to dismiss only the three counterclaims which were the focus of Counter-Defendants' second motion to dismiss and considers only those counterclaims.

On September 30, 2013, this Court issued its Opinion and Order (Doc. 34) granting in part and denying in part STGC's Motion to Dismiss STLA's First Amended Counterclaim (Doc. 23). The Court granted STGC's motion to dismiss STLA's counterclaim for breach of contract based on STGC's alleged revocation of a "perpetual right to use the Stewart trademark and trade name." Doc. 34 at 9–12. According to STLA, this alleged perpetual right was granted in the First Addendum to the Stewart Title Latin America, Inc. Holding Company Formation Agreement ("First Addendum") (Doc. 16-1, pages 1-10), which was executed between Stewart Information International, Inc. ("SII"), the predecessor of third-party defendant Stewart Title Company ("STC"), and four other parties.[2]  In the September 30 order (Doc 34), the Court concluded that a

---

[2] In its counterclaim and third party claims and in it briefing STLA refers to the First Addendum and the underlying Stewart Title Latin America, Inc. Holding Company Formation Agreement collectively as the "Joint Venture Agreement."  The Court believes it is less confusing to refer to each agreement, respectively as, "First Addendum" and "Formation Agreement."

later-executed Non-Exclusive License Agreement executed between STGC and "Stewart Title Latin America, S.A. de C.V., a variable stock corporation duly organized and existing under the laws of the United Mexican States…,"  which allowed for revocation of the right to use the Stewart name and trademark in certain instances, included a merger clause stating that the agreement "constitutes the entire agreement of the Parties and supersedes all prior contracts or agreement, whether oral or written…" Doc. 30-1 ¶ 18–19.  The Court found this merger clause extinguished the grant of the perpetual right allegedly created by the First Addendum.  The Court was incorrect in its reasoning and conclusion, and that portion of the Opinion and Order (Doc. 34) is hereby withdrawn.

**Discussion**

A closer reading of the Stewart Title Latin America, Inc. Holding Company Formation Agreement ("Formation Agreement,") (Doc. 16-1, pages 11-23) and the First Addendum reveal that neither is a grant of a license, perpetual or otherwise.  The Formation Agreement provides that licensing will be governed by agreements between Stewart Title Guaranty Company,[3] and Stewart Title Latin America, Inc.

Under Texas law, a merger occurs when the "same parties to an earlier agreement later enter into a written integrated agreement covering the same subject matter." *Superior Laminate & Supply, Inc. v. Formica Corp.*, 93 S.W.3d 445, 448-49 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see also In re Venturelink Holdings, Inc.*, 2005 WL 6441389 (Bankr. N.D. Tex. Nov. 21, 2005) ("The doctrine [of merger] applies only where there is complete identity of the parties and subject matter between the contract being interpreted and the contract being proffered.").

---

[3] the undisputed owner of the Stewart name and logo

Here, the parties to the Formation Agreement and the First Addendum were Stewart Information International, Inc. (SII, predecessor of Stewart Title Company), Corporation Abacus de San Jose, S. A., Siglo XXI, S. A., Corporacion Banex, S.A., and Christopher Dennis Hill. Doc. 13-1. Although Counter-Plaintiffs maintain that Stewart Title Company, previously Stewart Information International, Inc., acted as the agent for Stewart Title Guaranty Company when Stewart Information International, Inc. entered into the Formation Agreement to form STLA, the Formation Agreement and the First Addendum do not bear out an agency relationship between the two entities, but reference Stewart Title Guaranty Company as an entity distinct from Stewart Information International, Inc.

STGC argues the Court should uphold its order dismissing the counterclaim for breach of the provision in the First Addendum, alleged by STLA to grant a "perpetual right to use the Stewart trademark," on alternative grounds, i.e., because the alleged perpetual license does not exist or is terminable at will. Doc. 40 at 3. STGC argues the perpetual license does not exist, because it is a mere "sentence fragment" that makes "past-tense reference to underwriting agreements." *Id.*

The First Addendum was entered into on January 3, 2005 among the original parties to the Formation Agreement of December 5, 2001. Page one of the First Addendum references the Formation Agreement of December 5, 2001, which is called the "AGREEMENT" throughout the First Addendum.

In the second "WHEREAS clause beginning on page one, the First Addendum says

> **Whereas**, in view of several developments and variations in the contractual relationship, the PARTIES [four companies and one individual who formed Stewart Title Latin America, Inc., in the AGREEMENT] have agreed to amend and modify the AGREEMENT, in the terms and under the conditions detailed in this **First Addendum to the Stewart Title Latin America**

>    **Holding Company Formation Agreement (hereinafter called the FIRST ADDENDUM).**

(Emphasis in the original).

On page 2 of the First Addendum, in bold capitals it recites

> **THEREFORE, THE PARTIES HEREBY AGREE TO THIS ADDENDUM TO THE AGREEMENT, WHICH SHALL BE GOVERNED BY THE GOOD FAITH OF THE PARTIES, THE FOLLOWING CLAUSES, AND THE REST OF THE AGREEMENT AS ORIGINALLY APPROVED, AND, ON A SUBORDINATE BASIS, BY THE COMMON LEGISLATION. THOSE PROVISIONS OF THE AGREEMENT, NOT CHANGED OR AMENDED BY THIS FIRST ADDENDUM, SHALL REMAIN EFFECTIVE AND ENFORCEABLE AMONGST THE PARTIES.**

Beginning on page two of the First Addendum, under "**2) DEFINITIONS**" the First Addendum reads,

> The following definitions are hereby adopted to supersede and/or amend the existing definitions listed in Section II of the AGREEMENT. . . .**G. TERRITORY**: The TERRITORY covered by the AGREEMENT shall consist of the countries described in the LIST appearing herein below. **1. LIST OF COUNTRIES INCLUDED IN THE TERRITORY**: Mexico*, any and all of the countries and territories of Central America [which were individually listed in the AGREEMENT], as well the Caribbean [also individually listed in the AGREEMENT], but excluding any U.S. territories, such as Puerto Rico and the U.S. Virgin Islands and also excludes Cuba**.

(Emphasis in the Original)

The asterisk after "Mexico" and the double asterisk after "Cuba" refer to agreements concerning those two countries set out in following paragraphs of the First Addendum. Thus, the amendment of "territory" in the Addendum to the Formation Agreement expands the list of countries in the "territory," defined by the Formation Agreement to include the country of Mexico.

On page 4 at "**3) TERMS and CONDITIONS**. . ." the First Addendum continues:

> **B.** However, and due to the fact that (i) STG [Stewart Title Guaranty Company] has granted Stewart Title Latin America and its subsidiaries the unrestricted and perpetual right to use the Stewart trademark and trade name, in all of the countries of the TERRITORY, and only in the TERRITORY and (ii) that the parties have agreed that Stewart Title Latin America will be the vehicle that the partners [parties] will use to expand the TERRITORY, the shareholders agree that due to such valuable consideration and, as of this date, the share participation and capitalization is reallocated. . . .

In paragraph 49 of the First Amended Counterclaim and Third Party Claim (Doc 17) Counter Plaintiffs allege in the "First Claim (Breach of Contract—Joint Venture Agreement)," "The Joint Venture Agreement and its amendments constitute a valid, enforceable contract binding on [Stewart Title Guaranty Company and Stewart Title Company]," but it is the reference in the First Addendum to "the unrestricted and perpetual right to use the Stewart trademark and trade name, in all of the countries of the TERRITORY and only in the TERRITORY," that Counter Plaintiffs allege constitutes "a valid, enforceable contract binding on [Stewart Title Guaranty Company and Stewart Title Company]," which they "breached. . .by competing directly or indirectly with [Stewart Title Latin America] in the covered territories, and using confidential information to directly or indirectly compete against [Stewart Title Latin America]."  Doc 17, paragraphs 49-50.

The Amended Counterclaim and Third Party Claim also alleges that Stewart Title Guaranty and Stewart Title Company's breached "its obligation to act in good faith and/or its duty of good faith and fair dealing," which Counter Plaintiffs allege "[t]he Joint Venture Agreement imposes" upon Stewart Title Guaranty and Stewart Title Company (Doc. 17, paragraph 51) by "purporting to terminate and revoke the unrestricted and perpetual grant." Doc 17, paragraph 52.

The Formation Agreement makes no mention of an "unrestricted and perpetual right to use the Stewart trademark and trade name." Under "IX TRADEMARKS," however it recites that the parties to the Formation Agreement acknowledge

> A. That the name, trademark and service mark "Stewart Title," exclusively belongs to STG.
> B. That the use of name, trademark and service mark "Stewart Title" in COMPANY's [Stewart Title Latin America, Inc.'s] corporate or assumed name is only a non-exclusive license granted to the COMPANY by [Stewart Title Guaranty Company] by virtue of a separate exclusive Underwriting Agreement to be entered into by and between COMPANY [Stewart Title Latin America, Inc.] and [Stewart Title Guaranty Company] concurrently herewith.

On the sixth of December, 2001, one day after the parties to the Formation Agreement signed that agreement, Stewart Title Guaranty Company entered into a "Title Guaranty Underwriting Agreement" with Stewart Title Latin America, Inc. In that underwriting agreement

> [t]he parties hereto acknowledge and agree that (a) the name, trademark and service mark "Stewart Title", exclusively belongs to [Stewart Title Guaranty Company]; and (b) [Stewart Title Guarantee Company] grants to [Stewart Title Latin America, Inc.] the non-exclusive right to use the name, trademark and/or service mark "Stewart" in its Articles of Incorporation Charter or Certificate of Doing Business or Articles of Association and/or Social Agreement, and for use solely in connection with the development of affiliated companies and/or agencies for issuance of title guarantees of [Stewart Title Guaranty Company] concerning property located in such TERRITORY as permitted by this [Title Guaranty Underwriting] AGREEMENT.

Doc. 30-2 at 1

The underwriting agreement defines "TERRITORY" as "property in Aruba, Bahamas, Barbados, British Virgin Islands, The Cayman Islands, Colombia, Costa Rica, Dominican Republic, El Salvador Guatemala, Honduras, Jamaica, Nicaragua, Panama, Trinidad & Tobago, Turks & Caicos Islands, and Venezuela." *Id*.

The mere sentence fragment in the First Addendum, "However, and due to the fact that

[Stewart Title Guaranty Company] has granted Stewart Title Latin America and its subsidiaries the unrestricted and perpetual right to use the Stewart trademark and trade name. . . ." does not constitute the grant of a right to use the Stewart trademark, but references the occurrence of a previous grant of a right not contained in the underwriting agreement executed "concurrently" with the Formation Agreement.[4]

**Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 35) of Stewart Title Latin America, Inc., Stewart Title Dominicana, S. A. , Stewart Title Eastern Caribbean, Ltd., and Stewart Title Costa Rica ABC, S.A. is **GRANTED**.   The merger clause in the "Non-Exclusive License Agreement (Doc. 30-1) does not apply to the First Addendum because the parties to those two agreements are not the same.

The First Addendum does not, however, bestow on the Counter-Plaintiffs a perpetual right to the use of the Stewart name.  Accordingly, it is further

**ORDERED** that Counter-Defendants' motion to dismiss the counter claim and third party claims for breach of contract under the perpetual right clause of the First Addendum (Joint Venture Agreement) is **GRANTED**.   The Counterclaim and Third Party Claims for breach of contract under the alleged perpetual right to use of the Stewart name are **DISMISSED.**

SIGNED at Houston, Texas, this 28th day of March, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[4] The Non Exclusive License Agreement of February 3, 2005, Doc 30-1, upon which the Court previously relied in its Opinion and Order (Doc 34) is not referred to in the Amended Counter Claim and Third Party Claim, and the Court does not consider it in ruling on this 12(b)(6) motion to dismiss.