UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEWART TITLE GUARANTY COMPANY, § | | |
| § | | |
| Plaintiff, § | | |
| VS. § | CIVIL ACTION NO. 4:12-CV-03269 | |
| § | | |
| STEWART TITLE LATIN AMERICA, INC., § | | |
| *et al*, § | | |
| § | | |
| Defendants. § | | |
| § | | |

## MEMORANDUM AND ORDER REGARDING COUNTER-DEFENDANT'S MOTION TO STRIKE

Pending before the Court is the Motion to Strike (Doc. 59) filed by Counter-Defendant Stewart Title Guaranty Company ("STGC") and Third-Party Defendants Stewart Title Company ("STC"), Michael B. Skalka, and Charles M. Craig (collectively, "Counter-Defendants"). Having considered the motion, response, and applicable law, the Court concludes that the motion should be denied.

On December 31, 2012, Counter-Defendants filed their first Rule 12(b)(6) Motion to Dismiss and Alternative 12(e) Motion for More Definite Statement (Doc. 13); on January 21, 2013, Counter-Plaintiffs responded by filing their First Amended Counterclaim and Third Party Complaint (Doc. 17). Counter-Defendants then filed their Second Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement. Doc. 23. This Court issued an order dismissing one of the claims for breach of contract and granting a motion for more definite statement of the business disparagement claim on September 30, 2013. Doc. 34. Sixteen days later, on October 10, 2013, Counter-Plaintiffs asked the Court to reconsider the grounds dismissing the breach of contract claim, but made no mention of the business

disparagement claim. Doc. 35.

The parties mutually agreed to extend the deadline for response several times (Doc. 39, 45, 54), and on March 28, 2015, the Court granted Counter-Plaintiffs' Motion for Reconsideration. Doc 56. Over the course of nearly two years, the parties continued to confer about discovery and trial matters with no further mention of the 12(e) business disparagement claim until July 31, 2015, when Counter-Defendants filed the instant motion. Doc. 59. Counter-Plaintiffs responded by filing a response requesting that this court deny the motion as moot (Doc. 60), and—without leave of court—filed a Second Amended Counterclaim (Doc. 61) deleting the business disparagement claim.

Pursuant to Federal Rule 12(e), "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). In this case, the Court ordered STLA to make a more definite business disparagement claim on September 30, 2013. Doc. 34. The deadline for response expired 14 days later, on October 14, 2015. More than 650 days have passed since that deadline, but neither party has mentioned the orphan business disparagement claim until recently. Now, while the parties agree on the outcome—that the claim be dropped from the suit—they disagree on how to achieve this result. Pointing to their Second Amended Counterclaim, Counter-Plaintiff's argue: "[a]s the operative complaint no longer asserts a claim for business disparagement . . . the motion to strike should be denied as moot." Because this Court has not granted leave to amend the pleadings as required by Federal Rule 15, Counter-Plaintiff's assertion is erroneous. However, since the parties agree that the business disparagement claim should be eliminated, and the first and second amended complaints are identical except in the second's omission of the disputed claim, the Court

retroactively grants Counter-Plaintiffs leave to amend their complaint. Accordingly, the second amended counterclaim now controls and the Court hereby

**ORDERS** Counter-Defendant's motion to strike the business disparagement claim **DENIED** as moot.

SIGNED at Houston, Texas, this 17th day of September, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE